IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Yassin Muhiddin AREF, *et al.*, )  )  Plaintiffs, )  )  v. )  )  Eric HOLDER, *et al.*, )  )  Defendants. ) | Case No. 1:10-cv-00539-RMU |

**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ROYAL JONES
AND TO FILE SUPPORTING DECLARATION UNDER SEAL**

Pursuant to Local Civil Rule 83.6, the Center for Constitutional Rights and all undersigned counsel associated with or assisting the Center (collectively, "CCR") hereby and respectfully move the Court for permission to withdraw as counsel for Plaintiff Royal Jones in the above-captioned case.  As set forth in the accompanying Declaration of Alexis Agathocleous, counsel believe that a current and real conflict has arisen, rendering it impossible for counsel ethically to continue representing Mr. Jones under D. C. Rule of Professional Conduct 1.7, and thus requiring counsel to move to withdraw under Rule 1.16.  *See* Declaration of Alexis Agathocleous, appended hereto as Exhibit 1 (hereafter "Agathocleous Decl.").  CCR requests that it be permitted to file the Agathocleous Declaration under seal, in order to preserve client confidences therein.  To the extent this works a limited waiver of privileged attorney client communication and attorney work product, counsel expressly retains and preserves those privileges with respect to all other communications and privileges.

Pursuant to D.C. Rule of Professional Conduct 1.7(b), a lawyer may not represent a client with respect to a matter if "representation of another client will be or is likely to be adversely affected by such representation." D.C. Rules of Professional Conduct 1.7 (2007). Under Local Civil Rule 83.6, an attorney must obtain leave of the court to withdraw if "a trial date has been set, or if a party's written consent is not obtained, or if the party is not represented by another attorney . . ." Local Civil Rule 83.6(c). "The court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." Local Rule 83.6(d); *see also Naegele v. Albers*, No. 03-CV-2507, 2005 WL 2994363 at *1 (D.D.C. Oct 28, 2005). A trial date has not been set in this matter and there is no reason why the case cannot continue without delay. Discovery has only just begun and withdrawal will not result in any loss of evidence. If Mr. Jones opts to select successor counsel, CCR will work with successor counsel, without cost to Mr. Jones, to transfer files and to assist successor counsel in becoming knowledgeable about the case.

Nor would an order granting this motion be unfairly prejudicial to any party, or contravene the interests of justice. The Court's exercise of discretion granted by Local Civil Rule 83.6 may be informed by the D.C. Rule of Professional Conduct 1.16(b), which "grants the lawyer the right to withdraw, provided her client's interests are not materially and adversely affected." *Coleman-Adebayo v. Johnson*, 668 F. Supp. 2d 29, 30 (D.D.C. 2009).

Mr. Jones' interests will not be materially and adversely affected, and in the retainer agreement entered into between CCR and Mr. Jones on February 2, 2010, Mr.

Jones agreed that: "[i]n the event an actual conflict of interest does arise . . . and if the lawyers conclude that they cannot continue the joint representation, the lawyers have my permission to withdraw from their representation of me and to continue to represent the other client or clients in this case." *See* Exhibit A to Agathocleous Decl.  CCR agreed "to inform [Mr. Jones] promptly" of any such conflict, which it did, within three business days.  *See* Agathocleous Decl. ¶¶8, 12.  In order to avoid any potential prejudice, CCR refrains in the instant filing from setting forth the details of the conflict and relies on the Court to order that the Agathocleous Declaration be filed under seal.  *See, e.g., Naegele*, 2005 WL 2994363 at *1 (Court granted motion to file under seal where counsel alleged that "conflicts of interest which have arisen recently []and which counsel can describe with more specificity to the Court, if requested . . . mandate counsel's withdrawal"); *U.S. ex rel. Cody v. Computer Sciences Corp*. 246 F.R.D. 22, 24 (D.D.C. 2007) (Court ordered *ex parte* submission, to be placed under seal, substantiating why attorney could not ethically continue representation).

      We have conferred with opposing counsel, as required by Local Rule 7(m), and, based on their review of a draft of this motion, they have agreed not to oppose.  Counsel for defendants have not yet reviewed the supporting declaration and exhibits.

      For all the foregoing reasons, including the matters set forth in the Agathocleous Declaration, CCR respectfully requests that it be permitted to file the Agathocleous Declaration under seal and that upon its review the Court grant the Motion of CCR to withdraw as counsel for Mr. Jones in this matter.

Dated: October 20, 2011

By: /s/ Alexis Agathocleous
ALEXIS AGATHOCLEOUS, *pro hac vice*
RACHEL MEEROPOL, *pro hac vice*
SHAYANA D. KADIDAL
(D.C. Bar No. 454248)

CENTER FOR
CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6478
Fax: (212) 614-6499
aagathocleous@ccrjustice.org

GREGORY SILBERT
LARA VEBLEN
ANDREY SPEKTOR
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-1000
Fax: (212) 310-8007
gregory.silbert@weil.com

KENNETH A. KREUSCHER
Portland Law Collective, LLP
1130 SW Morrison Street, Suite 407
Portland, OR 97205
Tel: 503-228-1889
Fax: 503-223-4518
kenneth@portlandlawcollective.com

*Attorneys for Plaintiffs*