**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED
JAN 26 2012
Clerk, U.S. District and
Bankruptcy Courts**

YASSIN MUHIDDIN AREF *et al.*,  :
:
Plaintiffs,  :  Civil Action No.:  10-0539 (RMU)
:
v.  :  Re: Document No. 58
:
ERIC HOLDER *et al.*,  :
:
Defendants.  :

## ORDER

Upon consideration of the parties' joint motion to enter a protective order, and pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a protective order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, it is this 26th day of January 2012, hereby

**ORDERED** that the motion is **GRANTED** and that the following provisions shall govern the use and disclosure of documents and information in the above-captioned case during discovery and in all pre-trial proceedings. This order does not govern nor does it authorize the use of material or testimony during trial.

1. This Protective order shall apply to all documents, materials and/or information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective order, "document" is defined as provided in Fed. R. Civ. P. 34(a).

3. "PROTECTED INFORMATION" means any information that constitutes or reflects information derived from a record subject to the requirements of the Privacy Act of 1974, 5 U.S.C. § 552a; information about the Plaintiffs; and sensitive information that warrants the protection of this order, including information that implicates the security of Bureau of Prisons' institutions or the safety of inmates, Bureau of Prisons personnel or the public. If information is disclosed in this case that would otherwise be protected by the Privacy Act, this Protective order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) that allows for the production of such information. If information is disclosed in this case that would otherwise be protected by the Health Insurance Portability and Accountability Act ("HIPAA"), this Protective order is an order of the Court pursuant to 45 C.F.R. § 164.512(e)(1)(i) that allows for the production of such information.

4. Prior to producing a document that contains PROTECTED INFORMATION, Defendants shall mark each page of the document with one of the following legends: "PROTECTED," "PROTECTED - ATTORNEYS' EYES ONLY," "PROTECTED – [PLAINTIFF'S NAME]," or "PROTECTED – [PLAINTIFF'S NAME] - NOT TO BE RETAINED BY PLAINTIFF." For any documents, such as computer data, whose medium makes such a marking impractical, the diskette case and any accompanying paper or e-mail cover letter may be marked instead. Designation and marking by a party of a document containing PROTECTED INFORMATION in accordance with this paragraph shall be deemed effective to bring the PROTECTED INFORMATION contained in the document under the protection of this order unless and until the Court orders otherwise and such PROTECTED INFORMATION shall continue to be subject to the requirements of this order even if incorporated into another document that has not been marked in accordance with this paragraph.

Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or otherwise provided in this order, PROTECTED INFORMATION designated in accordance with this paragraph may not be used for any purpose except for use in connection with the above-captioned litigation, including any appeal. Nothing in this order shall be construed to limit the parties' use or disclosure of their own PROTECTED INFORMATION for any purpose authorized by law. In addition, nothing herein shall be construed to require the parties to disclose PROTECTED INFORMATION.

5. Information designated by Defendants as "PROTECTED" shall not be disclosed to anyone except to Plaintiffs' counsel of record, Plaintiffs and the persons identified in paragraph 9.

6. Information designated by Defendants as "PROTECTED – [PLAINTIFF]" shall not be disclosed to anyone except to Plaintiffs' counsel of record, the named Plaintiff and the persons identified in paragraph 9. For example, material bearing the mark "PROTECTED - AREF" may only be disclosed to Plaintiffs' counsel of record, Aref and the persons identified in paragraph 9.

7. Information designated by Defendants as "PROTECTED - [PLAINTIFF'S NAME] - NOT TO BE RETAINED BY PLAINTIFF" shall not be disclosed to anyone except to Plaintiffs' counsel of record, the named Plaintiff and the persons identified in paragraph 9. In addition, any documents or materials designated in accordance with this paragraph may not be retained by the named Plaintiff in his cell. For example, documents bearing the mark "PROTECTED – JAYYOUSI – NOT TO BE

RETAINED BY PLAINTIFF" may be reviewed by Jayyousi with his counsel but may not be retained by Jayyousi in his cell.

8. Information designated by Defendants as "PROTECTED – ATTORNEYS' EYES ONLY" may not be disclosed to any of the Plaintiffs and shall only be disclosed to Plaintiffs' counsel of record and the persons identified in paragraph 9.

9. In addition to the persons authorized to receive "PROTECTED" information as set forth above, information designated by either party as "PROTECTED," "PROTECTED - ATTORNEYS' EYES ONLY," "PROTECTED – [PLAINTIFF'S NAME]," or "PROTECTED – [PLAINTIFF'S NAME] - NOT TO BE RETAINED BY PLAINTIFF" may also be disclosed to:

a) Defendants and Defendants' counsel of record;

b) persons regularly employed or associated with counsel of record whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

d) witnesses or court reporting personnel at a deposition;

e) the Court and necessary Court staff; and

f) other persons by written agreement of the parties.

10. Prior to disclosing any information designated as "PROTECTED," "PROTECTED - ATTORNEYS' EYES ONLY," "PROTECTED – [PLAINTIFF'S NAME]," or

"PROTECTED – [PLAINTIFF'S NAME] - NOT TO BE RETAINED BY PLAINTIFF" to any person listed in paragraph 9(c), 9(d), or 9(f), the disclosing party shall provide such person with a copy of this Protective order and obtain from such person a signed Acknowledgement and Consent Form attached hereto as Exhibit A.

11. Information designated by Defendants as "PROTECTED," "PROTECTED - ATTORNEYS' EYES ONLY," "PROTECTED – [PLAINTIFF'S NAME]," or "PROTECTED – [PLAINTIFF'S NAME] - NOT TO BE RETAINED BY PLAINTIFF" may be reproduced electronically by Plaintiffs' counsel or persons working on their behalf for litigation management purposes only and must retain the original mark on the material.

12. A party may designate any portion of a deposition transcript or portion thereof that contains PROTECTED INFORMATION as "PROTECTED," "PROTECTED - ATTORNEYS' EYES ONLY," "PROTECTED - [PLAINTIFF'S NAME]," or "PROTECTED - [PLAINTIFF'S NAME] - NOT TO BE RETAINED BY PLAINTIFF," and such transcript or portion thereof shall be subject to the provisions of this Protective order.

13. Without written permission from the designating party or a court order, a party may not file in the public record any material designated as containing PROTECTED INFORMATION, and if a party seeks to file the PROTECTED INFORMATION under seal, it shall comply with Local Civil Rule 5.1(j).

14. A party may object to any designation made in accordance with this order by giving written notice to the designating party identifying the disputed information. If the parties cannot resolve the objection, the objecting party may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective order. Said motion may attach the disputed PROTECTED INFORMATION as an exhibit to the motion. If the disputed PROTECTED INFORMATION is attached as an exhibit to such a motion, it shall be filed under seal in accordance with Local Rule 5.1(j), and must retain any original mark that identifies the document as containing PROTECTED INFORMATION. Information designated as PROTECTED shall be treated in accordance with the requirements of this Protective order unless and until the Court rules that the information should not be designated as PROTECTED.

15. When a party provides notice to an opposing party that information should have been designated as "PROTECTED," "PROTECTED - ATTORNEYS' EYES ONLY," "PROTECTED - [PLAINTIFF'S NAME]," or "PROTECTED – [PLAINTIFF'S NAME] - NOT TO BE RETAINED BY PLAINTIFF," upon receiving such notice the opposing party shall immediately treat the information as if it had been so designated and shall place the appropriate designation on the document within ten (10) business days of receipt of such notice.

16. Any inadvertent disclosure or production of PROTECTED INFORMATION as well as any information that is protected by any privilege, including the law enforcement, the attorney-client, work product, and/or deliberative process privileges, shall not constitute a waiver of any available protection or privilege by the party who made the inadvertent disclosure or production.

17. Within forty-five (45) days after final conclusion of all aspects of this litigation, including any appeals, unless other arrangements are agreed upon, Plaintiffs' counsel shall ensure and certify in writing to counsel for Defendants that all hard copy documents, materials and/or information subject to this Protective order are, at the option of Defendants, either returned to counsel for Defendants or destroyed. In addition, within forty-five (45) days after final conclusion of all aspects of this litigation, including any appeals, Plaintiffs' counsel shall provide a written certification to counsel for Defendants that all electronic media containing information subject to this Protective order have been destroyed and rendered irretrievable. The termination of this action shall not relieve any person subject to this Protective order from the responsibility to maintain the confidentiality of PROTECTED INFORMATION designated pursuant to this order.

18. By consenting to this order, no party hereto shall be deemed to have waived its right to seek a Protective order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this order. In addition, each party reserves the right to move to modify the terms of this order at any time, and each party reserves the right to oppose any motion to modify the terms of the order. Nothing in this order is intended to constitute an agreement regarding the scope of discovery. This order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any documents or other material sought in discovery, and the parties reserve their right to object to discovery on any appropriate ground.

19. Any person or party receiving any PROTECTED INFORMATION in accordance with any provision of this order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this order.

20. The terms of this order shall be binding upon all current and future parties to this litigation and their counsel as well as all persons regularly employed or associated with counsel whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case.

21. This Protective order may be modified by the Court at any time for good cause following notice to all parties and an opportunity for them to be heard.

                                            RICARDO M. URBINA
                                            United States District Judge