**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| YASSIN MUHIDDIN AREF, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 10-0539 (BJR) |
| | ) |
| | ) |
| ERIC HOLDER, *et al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

<u>**ANSWER TO FIRST AMENDED COMPLAINT**</u>

Defendants, by and through their undersigned counsel, hereby answer the First Amended

Complaint brought by Yassin Muhiddin Aref, Kifah Jayyousi, Daniel McGowan, and Royal

Jones as follows:[1]

<u>**FIRST DEFENSE**</u>

This Court lacks jurisdiction over this matter for reasons of mootness, lack of standing

and lack of ripeness.

<u>**SECOND DEFENSE**</u>

One or more of the contentions in the Complaint fails to state a claim upon which relief

may be granted.

<u>**THIRD DEFENSE**</u>

One or more Plaintiffs have failed to exhaust their administrative remedies as required by

the Prison Litigation Reform Act.  <u>See</u> 42 U.S.C. § 1997(e).

---

[1] In response to the Complaint, Defendants will interpret "Plaintiffs" and "Family Plaintiffs" as
defined in the Complaint unless otherwise noted.

## FOURTH DEFENSE

Answering specifically the numbered paragraphs of the Amended Complaint, Defendants respond as follows:

1.    The first sentence is denied except to admit that the Bureau of Prisons ("BOP") established a Communication Management Unit ("CMU") at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute") in 2006, and a second CMU at the United States Penitentiary in Marion, Illinois ("USP Marion") in 2007.  The second sentence is admitted.

2.    First sentence: denied except to admit that the CMUs are referred to as "self-contained general population housing units."  Second sentence: denied.

3.    The allegations in this paragraph require no response because the Court has dismissed Plaintiffs' claim that the creation of the CMUs without notice and comment rulemaking violated the Administrative Procedure Act ("APA") and because the paragraph contains legal conclusions.  See 3/30/11 Order (Dkt. No. 36).

4.    Denied except to admit that Plaintiffs have been classified by the BOP as low or medium security prisoners and were designated to a CMU at FCI Terre Haute or USP Marion.

5.    The first sentence is denied.  The second sentence is denied except to admit that Aref has received two infractions, which have been expunged, and that McGowan has received one infraction, which has been expunged.

6.    The allegations in the first sentence require no response because the Court has dismissed Plaintiffs' claim alleging that the Defendants engaged in religious discrimination against

Muslims.  See 3/30/11 Order (Dkt. No. 36).  Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence.

7.      Denied.

8.      The first and second sentences are denied.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence because they are vague and ambiguous.  With respect to the fourth sentence, Defendants deny Plaintiffs' characterization of the CMUs as isolated and punitive and deny that Plaintiffs fear serving their entire sentences in a CMU:  all of the Plaintiffs have been released from a CMU.   With respect to what some unnamed CMU inmates may fear, Defendants lack sufficient knowledge or information to admit or deny the allegations.

9.      Denied except to admit that CMU inmates may have "contact visits" with their attorneys, but for other members of the community visits are conducted "using non-contact facilities," which employ secure partitioned rooms where inmates and their visitors speak using telephone lines.

10.     Denied.

11.     Denied.

12.     This paragraph contains a characterization of the relief Plaintiffs seek in this lawsuit to which no response is required.  Defendants further aver that all of their actions are lawful.

13.     This paragraph contains legal conclusions to which no response is required, but insofar as a response is required, denied.

14.     This paragraph contains legal conclusions to which no response is required, but insofar as a response is required admitted that the requirements for venue appear to be met, except

that Defendants aver that the Court lacks subject matter jurisdiction over one or more

claims.

15.     First sentence: Defendants deny that Aref is forty-two but admit that Aref was forty-two

at the time the instant Amended Complaint was filed and otherwise lack sufficient

knowledge or information to admit or deny the remaining allegations in this sentence.

Second sentence: the first clause of this sentence contains characterizations to which no

response is required.  With respect to the remaining allegations in the second sentence,

denied except to admit that Aref was convicted of Conspiracy to Conceal the Nature &

Source of Property Derived from the Illegal Dealing in Firearms, Providing Material

Support & Resources to a Foreign Terrorist Organization, & Providing Material Support

& Resources in Furtherance of a Violation of 18 U.S.C. § 2232a; Concealment of the

Nature & Source of Property Derived from the Illegal Dealing in Firearms, Providing

Material Support & Resources to a Foreign Terrorist Organization & Providing Material

Support and Resources in Furtherance of a Violation of 18 U.S.C. § 2332a; Conspiracy to

Use, Attempt to Use, or Conspire to Use, a Weapon of Mass Destruction Against Any

Person Within the United States; Concealment of the Nature & Source of Material

Support & Resources Knowing They Were to be Used in Relation to a Violation of 18

U.S.C. § 2332a; Conspiracy to Provide Material Support & Resources to a Foreign

Terrorist Organization; Providing Material Support & Resources to a Foreign Terrorist

Organization; False Statement to FBI Agents. Third sentence: admitted.  Fourth sentence:

denied except to admit that Aref received two incident reports, which were expunged,

and that he was transferred to the CMU at FCI Terre Haute on May 11, 2007.  Fifth

sentence: admitted.  Sixth sentence: denied except to admit that Aref has been released

from a CMU.  Seventh and eighth sentences: Defendants lack sufficient knowledge or
information to admit or deny these allegations.

16.      First sentence: Defendants deny that McGowan is thirty-eight but admit that McGowan
was thirty-eight at the time the instant Complaint was filed and that he is an American
citizen but otherwise lack sufficient knowledge or information to admit or deny the
remaining allegations.  Second sentence: denied except to admit that, in 2007, McGowan
was convicted of Conspiracy to Commit Arson and Destruction of an Energy Facility;
Arson; and Attempted Arson and sentenced to 74 months of imprisonment with 3 years
of supervised release to follow.  Third sentence: admitted.  Fourth sentence:  denied
except to admit that McGowan received one incident report, which was expunged, and
that he was transferred to the CMU at USP Marion on August 22, 2008.  Fifth and sixth
sentences are admitted.  The seventh sentence is denied except to admit that McGowan
was placed back in the CMU in February 2011.  Eighth sentence: admitted that
Defendants' crimes included his involvement with the Earth Liberation Front, but
otherwise Defendants lack sufficient knowledge or information to admit or deny these
allegations.  Ninth and tenth sentences: Defendants lack sufficient knowledge or
information to admit or deny these allegations

17.      First sentence:  Defendants deny that Jones is forty-two but admit that Jones was forty-
two at the time the instant Complaint was filed and that he is an American citizen but
otherwise lack sufficient knowledge or information to admit or deny the remaining
allegations in this sentence.  Second sentence: denied except to admit Jones was arrested
for soliciting a crime of violence – bank robbery -- and for violating his supervised
release.  Third sentence: admitted that Jones pled guilty to Solicitation to Commit a

Crime of Violence and that he was sentenced in 2007 but otherwise denied.   Fourth

sentence: admitted.  Fifth sentence: denied that Jones has not received any major

disciplinary infractions, or communications-related infractions within 10 years of the date

of the filing of the Complaint, and admit that Jones was transferred to the CMU at USP

Marion in June 2008.  Sixth sentence:  Defendants lack sufficient knowledge or

information to admit or deny  these allegations.  Seventh sentence: admitted.  Eighth

sentence:  Defendants lack sufficient knowledge or information to admit or deny these

allegations.

18.     First sentence: denied except to admit that Jones was released from the CMU in March

2010.  Defendants lack sufficient knowledge to admit or deny the truth of the allegations

in the second sentence about what Jones was told.  The third sentence is denied. Fourth

sentence:  denied except to admit that Jones previously joined in the claims of the other

Plaintiffs.

19.     First sentence: Defendants deny that Jayyousi is fifty but admit that Jayyousi was fifty at

the time the instant Complaint was filed and otherwise lack sufficient knowledge or

information to admit or deny the remaining allegations.  Second sentence: with respect to

the first two clauses, Defendants lack sufficient knowledge or information to admit or

deny the allegations. what Jayyousi's sentencing judge concluded with respect to his

involvement in the criminal conspiracy.  Regarding Plaintiffs' allegations about

Jayyousi's convictions, denied except to admit that Jayyousi was convicted in 2007 of

Conspiracy to Murder, Kidnap and Maim Persons in a Foreign Country; Conspiracy to

Provide Material Support for Terrorism; and Material Support to Terrorists and was

sentenced to 12 years and eight months of imprisonment followed by a 20-month term of

supervised released.  Third sentence:  denied except to admit that Jayyousi was transferred to the CMU at FCI Terre Haute in June 2008 and had no major disciplinary infractions and no communications-related infractions.  Fourth sentence is denied except to admit that Jayyousi was transferred to the Marion CMU in October 2010.  Fifth and sixth sentences:  Defendants lack sufficient knowledge or information to admit or deny these allegations.

20.    The first sentence is admitted.  The second sentence contains a legal conclusion to which no response is required; Defendants aver that BOP is a component of the Department of Justice.  The third sentence contains legal conclusions to which no response is required; Defendants aver that Attorney General Holder performs the duties and responsibilities of his office.  The fourth sentence is denied.  The fifth  sentence is admitted.  The sixth sentence contains a characterization of this action to which no response is required.

21.    The first sentence is admitted.  The second sentence contains a legal conclusion to which no response is required; Defendants aver that the Director performs the duties and responsibilities of his office.  The third sentence is denied except to admit that former Director Harley Lappin authorized the establishment of the CMUs at FCI Terre Haute and USP Marion and Defendant Samuels has continued those policies.  The fourth sentence is admitted.  The fifth sentence contains a characterization of this action to which no response is required.

22.    The first sentence is denied except to admit that Mr. Dodrill was Assistant Director of Correctional Programs for the Federal Bureau of Prisons from August 2009 until his retirement in December 2010, and Defendants aver that Frank Strada is now Assistant Director of Correctional Programs for the Bureau of Prisons and has been automatically

substituted as a defendant in this action pursuant to Federal Rule of Civil Procedure

25(d).  Second sentence:  admitted.   Third sentence:  denied except to admit that Mr.

Dodrill was Assistant Director of Correctional Programs for the Federal Bureau of

Prisons from August 2009 until his retirement in December 2010, that Frank Strada is

now Assistant Director of Correctional Programs for the Bureau of Prisons, and that the

Assistant Director's position is located in Washington, D.C.  The fourth sentence

contains a characterization of this action to which no response is required.

23.     The first sentence is admitted.  The second sentence is admitted to the extent that the

CTU is located in Martinsburg, West Virginia; because Martinsburg is approximately 105

miles from Washington, DC, the remainder of the second sentence is denied.  The third

sentence is denied except to admit that Mr. Smith, in his capacity as chief of the CTU,

has reviewed the nomination of inmates for CMU referral, and makes written

recommendations regarding CMU referrals.  The fourth sentence is denied expect to

admit that, in some cases, Mr. Smith reviews and makes recommendations regarding

releases from the CMU.  The fifth sentence is denied except to admit that Mr. Smith

signed memoranda recommending in favor of CMU placement for the Plaintiffs, and in

some cases recommend against the release of some of the plaintiffs from the CMU.  The

sixth sentence contains a characterization of this action to which no response is required.

Defendants aver that Plaintiffs' claims against Leslie S. Smith in his individual capacity

have been dismissed.  See 7/12/2013 Order (Dkt. No. 114).

24.     First sentence:  admitted that BOP is headquartered in Washington, D.C., but the rest of

the sentence contains a legal conclusion to which no response is required; Defendants

aver that BOP is a component of the Department of Justice.  Second sentence: admitted

that the CMUs were established by the BOP, admitted that the Institution Supplements were issued by FCI Terre Haute and USP Marion, but denied that any of the Plaintiffs are confined in a CMU.  Third sentence: contains a characterization of the cited statute to which no response is required and the Court is respectfully referred to the statute for a full and accurate description of its contents.

25.    First sentence:  denied.  Second sentence: denied except to admit that Exhibit A is a true and correct copy and that the Terre Haute CMU Institution Supplement is a publicly-available policy applicable to the Terre Haute CMU.  Third sentence: denied except to admit that the Institution Supplement in question is dated November 30, 2006, and that the Institution Supplement was provided to CMU inmates by making the supplement available upon request.  With respect to the remaining allegation in the third sentence, Defendants lack sufficient knowledge to admit or deny the allegation.

26.    The first sentence is denied except to admit that the USP Marion CMU Institution Supplement in question was dated March 20, 2008, and that inmates were not placed in the unit until after this date.  The second and third sentences are admitted.

27.    First sentence:  denied.  Second sentence:  denied except to admit that the Wardens at the CMUs cannot order prisoners transferred from the units.  Third sentence:  denied.  Fourth sentence: denied.  Fifth sentence: admitted.  Sixth sentence: Defendants are unable to admit or deny these allegations because they are vague and ambiguous.

28.    First sentence: denied except to admit that former Defendant Lappin ordered the establishment of both CMUs and, as a result, FCI Terre Haute and USP Marion issued Institution Supplements in accordance with BOP policy.  The second sentence characterizes and partially quotes from an Inspector General report to which no response

is required.  The Court is respectfully referred to the report for a full and accurate description of its contents.

29.    The allegations of this paragraph purport to characterize unidentified statements made by former Director Lappin and Attorney General Holder to which no response is required. In addition, Defendants are unable to admit or deny the allegations because they are vague and ambiguous.

30.    This paragraph appears to characterize portions of the BOP's 2007 State of the Bureau Report along with "other" BOP documents, which are not identified and to which no response is required.  The Court is respectfully referred to the referenced documents for a full and accurate description of their contents.

31.    The first sentence is denied except to admit that designation to a CMU may be warranted, on a case-by-case basis, for inmates (1) who are convicted of or associated with terrorism; (2) who pose a risk of coordinating illegal activities by communicating with persons in the community; (3) who have attempted or have a propensity to contact the victims of their crimes; (4) who have committed prohibited acts involving the misuse or abuse of approved communications methods; and (5) where there is other evidence that the inmate's unmonitored communication with the public poses a threat to the security and orderly operation of Bureau facilities or the protection of the community.  The second sentence characterizes a 2006 OIG report to which no response is required.  The Court is respectfully referred to the referenced report for a full and accurate description of its contents.  The third sentence characterizes a statement made by former Director Lappin to Congress, to which no response is required, and the Court is respectfully referred to the statement for a full and accurate description of its contents.  No response

is required to the allegations in the fourth sentence because they are vague and
ambiguous.  Defendants aver that designation to a CMU may be warranted, on a case-by-
case basis, for inmates for the reasons set forth above. The fifth sentence is admitted.

32.     The first, second, third, fourth and fifth sentences are denied.  The sixth sentence contains
a legal conclusion to which no response is required.

33.     The first and second sentences are denied.  The third sentence is denied except to admit
that CMU inmates may have "contact visits" with their attorneys, but for other members
of the community visits are conducted "using non-contact facilities," which employ
secure partitioned rooms where inmates and their visitors speak using telephone lines.
The fourth sentence is denied except to admit that the CMU is a self-contained general
population housing unit where inmates reside, eat, and participate in all educational,
recreational, religious, unit management, and work programming within the unit itself.

34.     The first sentence is denied except to admit that the BOP generally encourages, where
appropriate, visits by family, friends, and community groups to maintain the morale of
the inmate and to develop closer relationships between the inmate and family members or
others in the community.  The second sentence is denied except to admit that social visits
in the CMU are conducted "using non-contact facilities," which employ secure
partitioned rooms where inmates and their visitors speak using telephone lines.  The third
sentence is admitted.  The fourth sentence is denied.

35.     The first sentence is admitted.  In the second sentence, Plaintiffs appear to be quoting
from 28 C.F.R. § 540.51(h)(2), and the Court is respectfully referred to the
regulation for a full and accurate description of its contents.  The third sentence contains
a legal conclusion to which no response is required, and which is, in any event, denied.

11

36.    Defendants are unable to admit or deny the allegations in the first sentence because they

are vague and ambiguous.  With respect to the remaining allegations in the paragraph,

denied.

37.    This paragraph purports to characterize a statement made by then-Assistant to the

Solicitor General, Jeffrey Lamken, during oral argument before the Supreme Court in

the case of *Overton v. Bazetta* to which no response is required.  The Court is respectfully

referred to the transcript of the oral argument for a full and accurate description of its

contents.

38.    The first sentence is denied.  The second sentence is denied except to admit that CMU

inmates may have "contact visits" with their attorneys, but for other members of the

community visits are conducted "using non-contact facilities," which employ secure

partitioned rooms where inmates and their visitors speak using telephone lines.  The

third sentence is denied.  With respect to the fourth sentence, Defendants lack sufficient

knowledge or information to admit or deny these allegations

39.    The first sentence is denied.  The second sentence is denied except to admit that the

purpose of the CMU is to house inmates who, due to their current offense of conviction,

offense conduct, or other verified information, require increased monitoring of

communication between inmates and persons in the community in order to protect the

safety, security, and orderly operation of Bureau facilities, and to protect the public.  The

third sentence is denied.

40.    First sentence: admitted.  Second sentence: denied.  Third sentence: denied to the extent

Plaintiffs appear to allege that the use of a tape recorder would ensure effective

monitoring.  The fourth, fifth and sixth sentences are denied.   The seventh sentence

contains a characterization of a 2006 OIG report, to which no response is required.  The Court is respectfully referred to the report for a full and accurate description of its contents.

41.     First sentence: denied.  Second sentence: Defendants lack sufficient knowledge or information to admit or deny the allegation.  Third sentence: denied except to admit that Jayyousi is scheduled to be released in 2017.  Fourth sentence: denied except to admit that Aref was not permitted social contact visits during the time he was in a CMU.  The fifth sentence is denied.

42.     The first sentence is denied.  The second sentence is denied except to admit that Plaintiffs have access to email.  With respect to the third, fourth, fifth and sixth sentences, Defendants deny the allegations except to admit that Plaintiffs have cited certain scientific articles, and the Court is respectfully referred to the articles for a full and accurate description of their contents.

43.     Denied except to admit that CMU inmates may have "contact visits" with their attorneys, but for other members of the community visits are conducted "using non-contact facilities," which employ secure partitioned rooms where inmates and their visitors speak using telephone lines.

44.     The first sentence is denied except to admit that the BOP generally encourages, where appropriate, visits by family, friends, and community groups to maintain the morale of the inmate and to develop closer relationships between the inmate and family members or others in the community and that prison officials may restrict inmate visiting when necessary, inter alia, to ensure the security and good order of the institution.  The second sentence is denied.  The third sentence characterizes and partially quotes 28 C.F.R. §

540.42(a) to which the Court is respectfully referred for a full and accurate description of its contents.

45.     The Court has dismissed Plaintiffs' claim that the creation of the CMUs without notice and comment rulemaking violated the Administrative Procedure Act ("APA") and therefore no response is required to the allegations in this paragraph.  See 3/30/11 Order (Dkt. No. 36).

46.     Denied except to admit that non-CMU prisoners in the larger general population at USP Marion may generally receive visitors from 5:00 pm to 8:00 pm on Friday, and 8:30 am to 3:30 pm on Saturday, Sunday and Federal holidays.

47.     First sentence: denied except to admit that inmates in the larger general population at Terre Haute may generally receive visitors on Fridays through Sundays and on federal holidays from 8:00 am to 3:00 pm.  Second sentence: denied except to admit that inmates in the larger general population at Terre Haute are generally allowed seven visits during a calendar month, and there is no set limit on the duration of the visit provided it occurs within visiting hours and visiting conditions permit (e.g., the visiting room is not overcrowded or disruptive).  Third sentence:  admitted that non-CMU inmates in the larger general population at Terre Haute are potentially allowed up to 49 hours of visits a month but denied that there is any guarantee this amount of visiting time will be provided per month.

48.     Denied.

49.     The first sentence is denied except to admit that, prior to January 3, 2010, CMU inmates received four hours of social visits, which could be taken in one four-hour or two two-hour sessions, Monday through Friday, from 8:30 am to 2:00 pm.  The second sentence

is admitted.  Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations in the third sentence.

50.    Denied except to admit that, effective January 3, 2010, CMU inmates have been permitted additional opportunities for visiting and speaking on the telephone.

51.    This paragraph contains a characterization of a separate federal lawsuit to which no response is required, and the Court is respectfully referred to the pleadings in that case for a full and accurate statement of their contents.

52.    Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations in this paragraph.

53.    The first and second sentences are admitted.  The third sentence contains a characterization of the Notice to which no response is required and the Court is respectfully referred to the Notice for a full and accurate statement of its contents.

54.    Admitted.

55.    Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations in the first sentence.  The second sentence is denied.

56.    First and second sentences: denied except to admit that the changes do not appear in the Institution Supplement. Third sentence: denied.

57.    Denied.

58.    First sentence: Defendants cannot admit or deny these allegations because they are vague and ambiguous.  Second sentence: denied except to admit that, in accordance with the ADX Florence Institutional Supplement on Social Visiting, ADX inmates are generally allowed five non-contact visits per month, each of which may last seven hours. Defendants further aver that any individual visit may last far less than seven hours, and

therefore deny the remaining allegations in the sentence to the extent they suggest ADX
inmates typically receive 35 hours of visitation time per month.  Third sentence: admitted
that ADX inmates are potentially allowed this amount of time for visitation per month but
denied that there is any guarantee this amount of visiting time will be provided per
month.

59.    The first sentence is denied.  The second sentence is denied except to admit that each
       visitor is screened prior to entrance to a BOP facility.  The third sentence is denied.

60.    The first sentence is denied except to admit that telephone privileges are a supplemental
       means of maintaining community and family ties that may contribute to an inmate's
       personal development.  The second sentence is denied.  With respect to the third and
       fourth sentences, denied except to admit that Plaintiffs appear to have characterized a
       BOP Program Statement addressing inmate telephone use and the Court is respectfully
       referred to the Program Statement for a full and accurate statement of its contents.

61.    First sentence: denied except to admit that, prior to January 3, 2010, CMU inmates were
       authorized to make one 15-minute social phone call per week.  These calls could take
       place Monday through Friday, excluding federal holidays.  The time frames were 8:30
       am through 2:00 pm.  Second sentence:  Defendants lack sufficient knowledge or
       information to admit or deny these allegations.  Third sentence: denied except to admit
       that, as of January 3, 2010, CMU inmates have been permitted additional opportunities
       for visiting and speaking on the telephone.

62.    First sentence: admitted.  Second sentence: Defendants admit that CMU inmates receive
       at least 120 minutes to speak on the telephone per month but deny Plaintiffs'

characterization that "almost all" other federal prisoners receive 300 minutes to speak on the telephone per month.

63.    First sentence: denied except to admit that CMU prisoners are required to sign up and designate a call recipient and time in advance.  Second sentence: denied.  CMU inmates may reschedule another call.

64.    Defendants deny Plaintiffs' characterization of the number and duration of phone calls in the CMU, but otherwise lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

65.    The first sentence is denied except to admit that social calls placed from the CMU are live monitored.  The second sentence is denied.

66.    Denied except to admit that the CMU is a self-contained general population housing unit where inmates reside, eat, and participate in all educational, recreational, religious, unit management, and work programming within the unit itself, and that CMU inmates may have "contact visits" with their attorneys, but for other members of the community visits are conducted "using non-contact facilities," which employ secure partitioned rooms where inmates and their visitors speak using telephone lines.  The second and third sentences are denied.

67.    The first, third and fourth sentences are denied.  The remaining allegations regarding Twitty require no response because Twitty has been dismissed from this case.  See 3/30/11 Order (Dkt. No. 36).

68.    With respect to the first sentence, the Defendants are without sufficient knowledge or information to admit or deny what Plaintiffs subjectively fear, but deny that any such fears, if they exist, are reasonable.  The second sentence appears to characterize certain

BOP regulations and the Court is respectfully referred to the cited regulations for a full and accurate statement of their contents.  The third sentence is admitted only with respect to certain prisoners; otherwise denied.  With respect to the fourth sentence, Defendants are without sufficient knowledge or information to admit or deny what plaintiffs subjectively want.  The fifth sentence is denied.

69.     The first sentence is denied.  Defendants are not able to admit or deny the allegations in the second sentence because they are vague and ambiguous.

70.     First sentence: Defendants admit that Exhibit D is a true and correct copy of a memorandum from the Assistant Director of the BOP Correctional Programs Division and respectfully refer the Court to the memorandum for a full and accurate statement of its contents.  Second sentence: denied except to admit that Regional Directors may refer inmates to the CMU by contacting Les Smith, Chief of the Counterterrorism Unit for the BOP.  Third sentence: Defendants lack sufficient knowledge or information to admit or deny the allegations regarding what Plaintiffs are "aware of."  The fourth and fifth sentences are denied.  The sixth sentence is denied except to admit that Mr. Smith, in his capacity as chief of the CTU, has reviewed the nomination of inmates for CMU designation and makes written recommendations regarding CMU referrals.   The seventh sentence is denied except to admit that Mr. Smith, in his capacity as CTU chief, may make recommendations about the appropriateness of continued CMU placement for inmates, and, while he may consider the recommendations of facility-level staff, makes his own independent recommendations in favor or against continued CMU placement.

71.   The first sentence characterizes BOP Program Statements to which no response is required, and the Court is respectfully referred to the Program Statements for a full and accurate description of their contents.  The second sentence is denied.

72.   The first and second sentences are denied.  In the third sentence, Plaintiffs characterize BOP Program Statements and the Court is respectfully referred to the referenced BOP Program Statements for a full and accurate description of the procedures that apply with respect to such transfers.

73.   First sentence: denied except to admit that Plaintiffs have characterized and quoted portions of the Notices of Transfer provided to Plaintiffs.  The Court is respectfully referred to the Notices for a full and accurate description of their contents.  Second sentence: admitted.

74.   The first sentence is denied except to admit that the Notices provide information as to why each Plaintiff was designated to a CMU.  The remaining sentences in this paragraph are denied.

75.   Denied.

76.   First sentence: denied.  Second sentence: admitted that McGowan, Jayyousi and Aref were convicted of terrorism-related offenses and were properly designated to the CMU, but otherwise denied.  Third and fourth sentences:  Defendants lack sufficient knowledge or information to admit or deny these allegations.  Fifth sentence: denied.

77.   The first sentence is denied.  Defendants further aver that all of the Plaintiffs have been released from the CMU.  The second sentence is denied.  Third sentence: Defendants admit that transfers from the CMU are commonplace but the rest of the sentence is denied.  Defendants further aver that upon their release, CMU inmates are explained the

release process and informed of the reasons for their release.  The fourth sentence is denied.

78.     The first and second sentences are denied.  The third sentence is denied except to admit that Special Management Unit placement is intended to last only 18-24 months, and is based upon steps each prisoner may take to receive benefits through compliance with set behavior expectations.  The fourth sentence is admitted.

79.     This paragraph quotes a Notice of Transfer to a CMU.  The Court is respectfully referred to the notice for a full and accurate description of its contents.

80.     The first sentence contains Plaintiffs' characterization of the Notices of Transfer to which no response is required.  The Court is respectfully referred to the Notices for a full and accurate description of their contents.  The second sentence is denied.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence.

81.     Defendants lack sufficient knowledge or information to admit or deny the allegations regarding all statements that prison officials may have made to Plaintiffs, and further aver that the operation of the CMUs are consistent with the Notices of Transfer and BOP policy.  The balance of this sentence characterizes and quotes a BOP Program Statement to which no response is required.  The Court is respectfully referred to the Program Statement for a full and accurate description of its contents.

82.     The first and second sentences are denied.  The third sentence is admitted.  The fourth sentence is denied.

83.  First sentence: denied except to admit that whether to grant or deny a nearer relief transfer is within the BOP's discretion and may be denied without an explanation. Second and third sentences: denied.  Fourth sentence: admitted.  Fifth sentence: denied.

84.  The first sentence is denied except to admit that, in October 2009, an undated, unsigned Notice to Inmates was posted at both the FCI Terre Haute and USP Marion CMUs detailing the process by which the unit team would review inmates for continued CMU placement at program reviews.  The second sentence characterizes BOP's response to a request for informal remedy filed by Jones and the Court is respectfully referred to the response for a full and accurate statement of its contents.  The third sentence is admitted.

85.  This paragraph contains Plaintiffs' characterization of a document entitled "Notice to Inmates: Review of Inmates for Continued Communication Management Unit (CMU) Designation."  Defendants respectfully refer the Court to the Notice for a full and accurate statement of its contents.

86.  This paragraph contains Plaintiffs' characterization of a document entitled "Notice to Inmates: Review of Inmates for Continued Communication Management Unit (CMU) Designation."  Defendants respectfully refer the Court to the Notice for a full and accurate statement of its contents.

87.  The first sentence is denied.  With respect to the second sentence, denied that Unit Teams have failed to review the propriety of CMU placement at program reviews.  As for the remaining allegations in the second sentence, Defendants lack sufficient knowledge or information to admit or deny the allegations.  The third sentence is admitted.  The fourth sentence is denied.  With respect to the fifth sentence, Defendants lack sufficient knowledge or information to admit or deny the allegations.

88.     The first sentence is denied except to admit that Plaintiffs have characterized a document entitled "Notice to Inmates: Review of Inmates for Continued Communication Management Unit (CMU) Designation."  Defendants respectfully refer the Court to the Notice for a full and accurate statement of its contents.  The second and third sentences are denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied except to admit that facility staff recommended in favor of Jayyousi's release from the CMU.

93.     The Court has already dismissed Plaintiffs' claim alleging that the Defendants engaged in religious discrimination against Muslims.  See 3/30/11 Order (Dkt. No. 36). Therefore, no response is required to the allegations in this paragraph.

94.     The Court has already dismissed Plaintiffs' claim alleging that the Defendants engaged in religious discrimination against Muslims.  See 3/30/11 Order (Dkt. No. 36). Therefore, no response is required to the allegations in this paragraph.

95.     The Court has already dismissed Plaintiffs' claim alleging that the Defendants engaged in religious discrimination against Muslims.  See 3/30/11 Order (Dkt. No. 36). Therefore, no response is required to the allegations in this paragraph.

96.     The Court has already dismissed Plaintiffs' claim alleging that the Defendants engaged in religious discrimination against Muslims.  See 3/30/11 Order (Dkt. No. 36). Therefore, no response is required to the allegations in this paragraph.

     Case 1:10-cv-00539-BJR   Document 131   Filed 02/07/14   Page 23 of 46

97.     The Court has already dismissed Plaintiffs' claim alleging that the Defendants engaged in religious discrimination against Muslims.  <u>See</u> 3/30/11 Order (Dkt. No. 36). Therefore, no response is required to the allegations in this paragraph.

98.     The Court has already dismissed Plaintiffs' claim alleging that the Defendants engaged in religious discrimination against Muslims.  <u>See</u> 3/30/11 Order (Dkt. No. 36). Therefore, no response is required to the allegations in this paragraph.

99.     The Court has already dismissed Plaintiffs' claim alleging that the Defendants engaged in religious discrimination against Muslims.  <u>See</u> 3/30/11 Order (Dkt. No. 36). Therefore, no response is required to the allegations in this paragraph.

100.    The Court has already dismissed Plaintiffs' claim alleging that the Defendants engaged in religious discrimination against Muslims.  <u>See</u> 3/30/11 Order (Dkt. No. 36). Therefore, no response is required to the allegations in this paragraph, which are, in any event, denied.

101.    First sentence: admitted.  Second and third sentences:  Defendants lack sufficient knowledge or information to admit or deny these allegations.

102.    Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

103.    Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

104.    Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

105.    First sentence: denied except to admit that Aref was convicted of Conspiracy to Conceal the Nature & Source of Property Derived from the Illegal Dealing in Firearms, Providing

Material Support & Resources to a Foreign Terrorist Organization & Providing Material

Support & Resources in Furtherance of a Violation of 18 U.S.C. § 2232a; Concealment

of the Nature & Source of Property Derived from the Illegal Dealing in Firearms,

Providing Material Support & Resources to a Foreign Terrorist Organization & Providing

Material Support and Resources in Furtherance of a Violation of 18 U.S.C. § 2332a;

Conspiracy to Use, Attempt to Use, or Conspire to Use, a Weapon of Mass Destruction

Against Any Person Within the United States; Concealment of the Nature & Source of

Material Support & Resources Knowing They Were to be Used in Relation to a Violation

of 18 U.S.C. § 2332a; Conspiracy to Provide Material Support & Resources to a Foreign

Terrorist Organization; Providing Material Support & Resources to a Foreign Terrorist

Organization; False Statement to FBI Agents and was sentenced to 15 years of

imprisonment.  Second sentence: the first clause of this sentence contains

characterizations to which no response is required, but with respect to the remaining

allegations in this sentence, Defendants lack sufficient knowledge to admit or deny

the allegations.  Third, fourth, fifth and sixth sentences:  Defendants lack sufficient

knowledge to admit or deny these allegations.  Seventh sentence:  Defendants admit that,

on March 8, 2007, Aref was sentenced to 15 years in prison.  Plaintiffs' assertion that this

was half the sentence called for by the Federal Sentencing Guidelines is a legal

conclusion to which no response is required.

106. First sentence: denied.  Second sentence: admitted.

107. Defendants lack sufficient knowledge or information to admit or deny the allegations in

this paragraph.

108.   First sentence:  Defendants lack sufficient knowledge or information to admit or deny these allegations.  Second sentence: denied except to admit that Aref has received two incident reports, which were expunged.

109.   This paragraph contains a characterization of statements made by Judge McAvoy at Aref's sentencing.  The Court is respectfully referred to any sentencing transcript that may exist for a full and accurate description of Judge McAvoy's statements.

110.   First sentence:  denied except to admit Aref was classified as a low security prisoner and transferred to the CMU at FCI Terre Haute.  Second sentence: admitted.

111.   First sentence: admitted.  The Court is respectfully referred to the Notice for a full and accurate description of its contents.  Second sentence: denied.

112.   Denied except to admit that Aref spent 22 months in the CMU at Terre Haute.

113.   The first sentence is denied except to admit that Aref applied for a nearer release transfer when he was at the Terre Haute CMU.  The second sentence is denied except to admit his case manager told Aref that the transfer was not up to her but up to Central Office staff.

114.    First sentence: Defendants lack sufficient knowledge or information to admit or deny these allegations.  Second sentence:  denied except to admit that Aref was transferred to the CMU at USP Marion on March 26, 2009, where he received a Notice of Transfer. Third sentence: admitted.

115.   The first sentence is admitted.  Defendants lack sufficient knowledge or information to admit or deny the allegations in the second sentence.  The third sentence is denied.

116.   Defendants lack sufficient knowledge or information to admit or deny these allegations.

117.    Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

118.    Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

119.    Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

120.    Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

121.    The first sentence is denied except to admit that CMU inmates may have "contact visits" with their attorneys, but for other members of the community visits are conducted "using non-contact facilities," which employ secure partitioned rooms where inmates and their visitors speak using telephone lines.  With respect to the rest of the paragraph, Defendants' deny Plaintiffs' characterizations of the CMU's conditions but lack knowledge or information sufficient to admit or deny the remaining allegations.

122.    The first three sentences are denied.   With respect to the fourth sentence, Defendants lack sufficient knowledge or information to admit or deny the allegations.

123.    Defendants lack sufficient knowledge or information to admit or deny the allegations.

124.    With respect to the first sentence, Defendants deny that McGowan is thirty-eight but admit that McGowan was thirty-eight at the time the instant Complaint was filed.  With respect to the remaining allegations in the paragraph, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations.

125.    First sentence: Defendants lack sufficient knowledge or information to admit or deny the allegations.  Second and third sentences: denied except to admit McGowan pled guilty on

November 9, 2006 to Conspiracy to Commit Arson and Destruction of an Energy

Facility; Arson; and Attempted Arson and was sentenced on June 5, 2007 to 74 months of

imprisonment followed by 3 years of supervised release.

126.   The first sentence is denied except to admit that McGowan was convicted of Conspiracy

to Commit Arson and Destruction of an Energy Facility; Arson; and Attempted Arson

and sentenced to 74 months of imprisonment with 3 years of supervised release to follow.

Defendants lack sufficient knowledge or information to admit or deny the remaining

allegations.

127.   Defendants lack sufficient knowledge or information to admit or deny the  allegations.

128.   In the first and second sentences, Plaintiffs characterize statements made by the court at

McGowan's sentencing.  Defendants respectfully refer this Court to the sentencing

transcript for a full and accurate statement of its contents.  The third sentence is admitted.

With respect to the fourth sentence, denied that McGowan's institutional conduct has

been clean.

129.   Admitted.

130.   First sentence: admitted.  Defendants lack sufficient knowledge or information to admit

or deny the truth of the allegations contained in the second and third sentences.

131.   First sentence: Defendants admit that McGowan had access to "contact" visits at FCI

Sandstone but otherwise lack sufficient knowledge or information to admit or deny the

remaining allegations in this sentence.  Second and third sentences: Defendants lack

sufficient knowledge or information to admit or deny the truth of these allegations.

132.   In response to the first sentence, admit that McGowan was not placed under any

communication restrictions, within the meaning of 28 CFR § 540.15, and deny that BOP

used the terms telephone or mail alert list during the time McGowan was at FCI

Sandstone and therefore the remaining allegations are denied.

133.    The first sentence is denied.  The second sentence characterizes McGowan's final

program review at FCI Sandstone, to which no response is required, and the Court is

respectfully referred to the review for a full and accurate statement of its contents.

134.    The first sentence is admitted.  Second sentence: deny Plaintiffs' characterization of the

March 27, 2008 memorandum but admit that Plaintiffs have quoted excerpts from the

memorandum.  The third sentence is admitted.   The Court is respectfully referred to the

memorandum for a full and accurate description of its contents.

135.    Admitted.  The Court is respectfully referred to the Notice of Transfer for a full and

accurate description of its contents.

136.    Denied.

137.    In response to the first sentence, Defendants admit that McGowan filed an Administrative

Remedy Informal Request form (BP 8) while at the CMU but otherwise lack sufficient

knowledge or information to admit or deny the remaining allegations in this sentence.

Defendants lack sufficient knowledge or information to admit or deny the  allegations in

the second sentence.  The third sentence is denied except to admit that McGowan filed a

BP 9 Request for Administrative Remedy, and the Court is respectfully referred to the

document for a full and accurate description of its contents.  The fourth sentence

characterizes BOP's response to McGowan's BP 9 Request for Administrative

Remedy, and the Court is respectfully referred to the response for a full and accurate

description of its contents. The fifth sentence is admitted.  The sixth and seventh

sentences characterize the response from the BOP Regional Director and the Court is
respectfully referred to the response for a full and accurate statement of its contents.

138.    The first sentence is denied.  The second, third and fourth sentences characterize
McGowan's Presentence Report and the Court is respectfully referred to the Presentence
Report for a full and accurate description of its contents.  The fifth sentence is denied
except to admit that McGowan was convicted of Conspiracy to Commit Arson and
Destruction of an Energy Facility; Arson; and Attempted Arson and sentenced to 74
months of imprisonment with 3 years of supervised release to follow.  Defendants lack
sufficient knowledge or information to admit or deny the truth of the allegations
contained in the sixth sentence.  The seventh sentence is denied except to admit that
McGowan appealed Administrative Remedy Number 509775-R1 to the Central Office.

139.    First sentence: admitted that McGowan submitted a FOIA request to the BOP in October
2008 and that Plaintiffs have accurately quoted the request.  The Court is respectfully
referred to the request for a full and accurate statement of its contents.  Second sentence:
admitted.  Third sentence: contains a characterization of the documents provided to
McGowan, and the Court is respectfully referred to the referenced documents for a full
and accurate description of their contents.

140.    Admitted that McGowan was informed that he would be considered for a transfer out of
the CMU after 18 months of clear conduct but Defendants otherwise lack sufficient
knowledge or information to admit or deny the allegations.

141.    First sentence:  admitted.  Second sentence: denied except to admit that unit team
recommended a transfer.  Third sentence: admitted.

142.    Admitted.  The Court is respectfully referred to the referenced March 9, 2010 memorandum for a full and accurate description of its contents.

143.    The first and second sentences are admitted.  With respect to the third sentence, Defendants deny Plaintiffs' characterization of the March 22, 2010 memorandum but admit that Plaintiffs have quoted from a portion of the memorandum.  The Court is respectfully referred to the Memorandum for a full and accurate description of its contents.

144.    Denied except to admit that Plaintiff McGowan remained in the CMU until October 2010.

145.    Admitted.

146.    The first and second sentences are admitted.  With respect to the remaining allegations, admitted that Plaintiffs have quoted excerpts of a February 1, 2011 memorandum but deny Plaintiffs' characterization of the memorandum.  The Court is respectfully referred to the Memorandum for a full and accurate description of its contents.

147.    The first sentence is denied except to admit Plaintiff McGowan was redesignated to the CMU at Terre Haute on February 24, 2011.  Defendants aver that Plaintiff McGowan has since been released from the CMU.  The second sentence contains Plaintiffs' characterization of a Notice of Transfer and requires no response.  The Court is respectfully referred to the Notice for a full and accurate description of its contents.  The third sentence is denied.

148.    This sentence is admitted to the extent it alleges that McGowan was not disciplined for any mail or telephone violation concerning a telephone conversation he had with his wife in January 2010 and that is discussed in ¶¶ 146-47.  The rest of the sentence is denied.

149.   The first sentence is denied.  With respect to the second sentence, Defendants deny Plaintiffs' characterization of McGowan's communications while he was incarcerated. The third and fourth sentences are denied.  Defendants further aver that McGowan is no longer incarcerated in a CMU.

150.   Denied except to admit that inmates in a CMU typically receive less time for social phone calls and visits than inmates in a non-CMU general population environment.  The second and third sentences are denied.  Defendants further aver that McGowan is no longer incarcerated in a CMU.

151.   First sentence: Defendants deny Plaintiffs' characterizations of the CMU's conditions but otherwise lack sufficient knowledge or information to admit or deny the allegations. Second sentence: admitted that McGowan received non-contact visits from his wife while he was designated to the CMU but Defendants deny Plaintiffs' characterization of the conditions in the CMU.  Third sentence: Defendants lack sufficient knowledge or information to admit or deny the allegations.  Defendants further aver that McGowan is no longer incarcerated in a CMU.

152.   Defendants deny Plaintiffs' characterizations of the CMU's conditions but otherwise lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

153.   Defendants deny Plaintiffs' characterization of the CMU's conditions, admit that McGowan often spoke to his wife on the phone while he was in a CMU, but otherwise lack sufficient knowledge or information to admit or deny the allegations.  Defendants further aver that McGowan is no longer incarcerated in a CMU.

154.   Defendants lack sufficient knowledge or information to admit or deny these allegations.

155.     First sentence:  admit that in July 2008 McGowan was en route to the CMU; the

remainder of the first sentence is denied except to admit that in May 2008 a writ was

issued requesting McGowan's testimony before a grand jury in Madison, Wisconsin on

or after June 4, 2008.  Second sentence:  Defendants lack sufficient knowledge or

information to admit or deny the allegations.  Third sentence:  admit that McGowan was

designated to the CMU in Marion, Illinois; Defendants lack sufficient knowledge or

information to admit or deny the remaining allegations in this sentence.  Fourth sentence:

Admit that McGowan was released from BOP custody in October 2008 pursuant to a writ

for testimony and that he was confined at MCC Chicago and Columbia County Jail for a

portion of the time he was on writ.  Fifth sentence:  Admit that while at MCC Chicago

McGowan was placed in the general population unit but the remaining allegations in the

sentence are denied.  Sixth sentence:  Defendants deny that McGowan spent only nine

days at MCC Chicago while on writ and further deny that he used almost 400 telephone

minutes; Defendants lack sufficient knowledge or information to admit or deny the

remaining allegations in this sentence.

156.     Defendants deny Plaintiffs' characterization of the CMU's conditions but otherwise lack

sufficient knowledge or information to admit or deny the allegations.

157.     Defendants lack sufficient knowledge or information to admit or deny these allegations.

158.     First sentence: admit that Jones was convicted of solicitation of bank robbery and a

supervised release violation, but Defendants otherwise lack sufficient knowledge or

information to admit or deny the remaining allegations in this sentence. Second sentence:

denied except to admit that Jones was sentenced to 94 months in prison followed by a

—

period of supervised released.  Third and fourth sentences: admitted.  Fifth sentence:

denied.  His projected release date was May 17, 2013.

159.   First sentence: denied except to admit that Jones was in general population for a portion

of the time he was incarcerated at FCI Englewood where he had access to 300 minutes of

telephone calls per month, but he also spent a portion of the time he was incarcerated at

FCI Englewood in a Special Housing Unit where he did not have access to 300 minutes

of telephone calls per month.  Second sentence:  Defendants lack sufficient knowledge to

admit or deny these allegations.  Third sentence:  admitted.  Fourth sentence: denied

except to admit that Jones was moved to the Special Housing Unit in Englewood in

February 2008 where his access to phone calls was limited.

160.   First sentence: denied except to admit Jones received an incident report while

incarcerated at FCI Englewood.  Second sentence: denied except to admit that this

infraction occurred in 1998, not 1997.  Third sentence: admitted.

161.   Denied Jones has always been a "productive" inmate.  Jones has committed numerous

violations of prison rules.  With respect to the remaining allegations, Defendants admit

that Jones completed certain educational programs but otherwise lack sufficient

knowledge or information to admit or deny the allegations.

162.   First, second and third sentences: Defendants lack sufficient knowledge or information to

admit or deny these allegations.  Fourth sentence: denied.  Fifth sentence: denied except

to admit Jones filed a lawsuit while incarcerated at Englewood and the Court is

respectfully referred to the complaint in that case for a full and accurate statement of

its contents.

163.   The first and second sentences are denied except to admit Jones was transferred to the CMU at USP Marion on June 9, 2008 and received a Notice of Transfer on June 17, 2008.  The Court is respectfully referred to the Notice for a full and accurate description of its contents.  The third sentence is denied.  The fourth sentence is denied except to admit that it characterizes responses to administrative remedies filed by Jones, and the Court is respectfully referred to the responses for a full and accurate description of their contents.

164.   Defendants lack sufficient knowledge or information to admit or deny these allegations.  The allegations in this paragraph appear to characterize a May 1, 2008 document and the Court is respectfully referred to the document for a full and accurate statement of their contents.

165.   First sentence:  admitted that McGowan's and Jones' transfers to the CMU were each classified as a code 324 transfer for "program participation."  Plaintiff Avon Twitty has been dismissed from this case and therefore no response is required to the allegations about Twitty.  See 3/30/11 Order (Dkt. No. 36).  The second sentence contains a characterization of a BOP Program Statement, and the Court is respectfully referred to the Program Statement for a full and  accurate description of its contents.

166.   The first sentence is denied except to admit that, before being sent to the CMU at USP Marion, Jones was housed at FTC Oklahoma from June 4, 2008 to June 8, 2008.  The second sentence characterizes a "Holdover Unit Team" document and the Court is respectfully referred to the document for a full and accurate description of its contents.  The third sentence is denied.

167.   Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

168.   First sentence: admitted Jones filed a FOIA request but denied he asked for information about his placement or designation to the CMU.  Second sentence:  denied that Jones has characterized his FOIA request accurately but otherwise admitted.  Third sentence: Defendants lack sufficient knowledge or information to admit or deny these allegations.

169.   First sentence: denied except to admit that Jones filed a pro se complaint in the Federal District Court for the Southern District of Illinois in December 2008, to which the Court is respectfully referred for a full and accurate description of its contents.  Second sentence and third sentence:  denied.

170.   First sentence: denied except to admit that Jones is the first inmate to be transferred from the CMU.  Second sentence: admitted.  Third sentence: denied.  Fourth sentence: denied except to admit that CMU staff informed Jones that he would be eligible for a transfer after six months of clear conduct in the CMU.  Fifth sentence: denied.

171.   First sentence: denied except to admit that Jones requested a nearer release transfer at his last team review.  Second sentence: denied.  Third sentence: denied except to admit that Jones was one of the Plaintiffs in this litigation.

172.   First sentence: Defendants admit that Jayyousi was fifty at the time the instant Complaint was filed but otherwise lack sufficient knowledge or information to admit or deny the remaining allegations in this sentence.  Second, third and fourth sentence: Defendants lack sufficient knowledge or information to admit or deny these allegations.

173.   Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

174.   Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

175.   Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

176.   Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

177.   Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

178.   Denied.

179.   First sentence: denied except to admit that, in August 2007, Jayyousi was convicted in Federal District Court of Miami of Conspiracy to Murder, Kidnap and Maim Persons in a Foreign Country; Conspiracy to Provide Material Support for Terrorism; and Material Support to Terrorists.  Second sentence: admitted that, on January 22, 2008, Jayyousi was sentenced to 12 years and eight months of imprisonment followed by a 20-month term of supervised release.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations.

180.   This paragraph contains a characterization of statements made by Judge Marcia G. Cooke at Jayyousi's sentencing.  The Court is respectfully referred to any sentencing transcript that may exist for a full and accurate description of Judge Cooke's statements at the sentencing hearing.

181.   This paragraph contains a characterization of statements made by Judge Marcia G.
       Cooke at Jayyousi's sentencing.  The Court is respectfully referred to any sentencing
       transcript that may exist for a full and accurate description of Judge Cooke's
       statements at the sentencing hearing.

182.   Admitted.

183.   First sentence: denied.  Second sentence:  denied except to admit that this infraction was
       expunged.  Third sentence:  denied except to admit he received an incident report at FDC
       Miami for the improper use of a duress button.  Fourth sentence: denied.  Fifth sentence:
       denied.  Sixth sentence: denied that any violation of procedure occurred and deny that
       Jayyousi was not punished for the infraction.  Seventh sentence: denied.

184.   Admitted that Jayyousi is classified as a low security prisoner.  The Court is respectfully
       referred to Jayyousi's Custody Classification Form, dated December 14, 2009, for a full
       and accurate statement of its contents.

185.   The first sentence is admitted.  Regarding the second sentence, Defendants admit that
       Plaintiffs were provided with a redacted copy of the Memorandum but Defendants deny
       Plaintiffs' characterization of the Memorandum.  The third and fourth sentences are
       admitted.  The Court is respectfully referred to the emails for a full and accurate
       description of their contents.

186.   First sentence:  Defendants lack sufficient knowledge or information to admit or deny
       when Jayyousi learned of his transfer to the CMU.  Second sentence:  denied except to
       admit that an attorney filed a petition on May 5, 2008 and the Court is respectfully
       referred to the petition for a full and accurate statement of its contents.  Third sentence:
       admitted.

187.    The first, second and third sentences are admitted.  The fourth sentence quotes

Jayyousi's Notice of Transfer and the Court is respectfully referred to the Notice for a

full and accurate description of its contents.

188.    First sentence:  Defendants deny Plaintiffs' characterization of the information in the

Notice of Transfer but otherwise lack sufficient knowledge or information to admit or

deny the allegations.  Second sentence:  Defendants deny Plaintiffs' characterization of

the information in the Notice of Transfer, admit that Jayyousi filed an administrative

remedy form, and otherwise lack sufficient knowledge or information to admit or  deny

the remaining allegations.  Third sentence: Defendants deny that Jayyousi has been

"given no information about why he was sent to the CMU" and deny Plaintiffs'

characterization that his administrative remedies have been "summarily" rejected.

189.    The first and second sentences are admitted.  The third sentence is denied. The Court is

respectfully referred to the transcript for a full and accurate summary of its contents.

190.    The first sentence is admitted.  The second sentence is denied except to admit that the

Regional Director returned the infraction to the institution.

191.    The first sentence is denied except to admit that an incident report was written, charging

Jayyousi with Encouraging a Group Demonstration on August 20, 2008.  The second and

third sentences are admitted.

192.    The first sentence is admitted.  The second sentence is denied.  Third sentence:

Defendants lack sufficient knowledge or information regarding what was "clear" to

Jayyousi.  Fourth sentence:  denied.  Fifth sentence:  Defendants lack sufficient

knowledge or information to admit or deny these allegations.

193.    First sentence:  Defendants lack sufficient knowledge or information to admit or deny the

allegations.  Second sentence: denied except to admit that Jayyousi filed an

Administrative Remedy received by BOP on January 15, 2010, in which he sought a

transfer out of the CMU, and that the Warden provided a written response denying the

request.

194.    Denied except to admit Jayyousi was transferred from the CMU at Terre Haute to the

CMU at Marion in October 2010.

195.    Denied except to admit that the Marion CMU Unit Manager authored a memorandum,

dated February 22, 2011, recommending in favor of Jayyousi's transfer from the CMU

and that Plaintiffs have accurately quoted certain excerpts from this memorandum. The

Court is respectfully referred to the memorandum for a full and accurate summary of its

contents.

196.    The first sentence is denied except to admit that Mr. Smith authored a memorandum,

dated March 22, 2011, which noted that the Warden at USP Marion had recommended in

favor of Jayyousi's release from the CMU.  The second sentence is admitted.  Defendants

deny Plaintiffs' characterization of the memorandum in the third sentence.  The Court is

respectfully referred to the Memorandum for a full and accurate summary of its contents.

197.    Defendants admit that Plaintiffs have quoted a portion of the March 22, 2011

Memorandum.  The Court is respectfully referred to the Memorandum for a full and

accurate summary of its contents.

198.    This sentence is denied except to admit that the referenced charge brought against

Jayyousi was expunged from his disciplinary record.

199.  Admitted that Jayyousi received discovery in this litigation pertaining to BOP's decision not to release him from the CMU but the remaining allegations in the paragraph are denied.

200.  Denied that Jayyousi was held at FDC Miami in June 2007 but otherwise lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

201.  Denied.  Defendants further aver that Jayyousi is no longer incarcerated in a CMU.

202.  First sentence: denied.  Second, third and fourth sentences:  Defendants lack sufficient knowledge or information to admit or deny the allegations.  Fifth sentence: denied.

203.  First sentence: denied.  Second sentence:  denied except to admit that, prior to January 3, 2010, CMU inmates received one call per week on Monday through Friday from 8:00 am to 3:30 pm, but otherwise lack sufficient knowledge or information to admit or deny the allegations.  Third sentence: denied.

204.  First sentence: denied.  Second sentence: Defendants deny that the CMUs are the cause of any damage to Jayyousi's relationships and otherwise lack sufficient knowledge or information to admit or deny the allegations in the remainder of this sentence.

205.  Denied except to admit that BOP promulgates certain regulations with notice and comment rulemaking and that these regulations appear in the Code of Federal Regulations.  In addition, BOP issues national Program Statements and particular BOP institutions issue Institution Supplements.  Regarding Plaintiffs' characterization of these documents, the Court is respectfully referred to the referenced documents for a full and accurate description of their contents.

206.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements

        required notice and comment rulemaking and violated the APA.  Therefore, no response

        is required to the allegations in this paragraph.  See 3/30/11 Order (Dkt. No. 36).  To the

        extent the Court finds otherwise, Defendants reserve the right to respond to the

        allegations in this paragraph.

207.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements

        required notice and comment rulemaking and violated the APA.  Therefore, no response

        is required to the allegations in this paragraph.  See 3/30/11 Order (Dkt. No. 36).  To the

        extent the Court finds otherwise, Defendants reserve the right to respond to the

        allegations in this paragraph.

208.    First sentence, first clause: denied that the Terre Haute and Marion CMU Institution

        Supplements "severely restrict" communications and visitation.  With respect to the

        remaining allegations in this paragraph, the Court has already dismissed Plaintiffs' claim

        that the Institution Supplements required notice and comment rulemaking and violated

        the APA.  Therefore, no response is required to the remaining allegations in this

        paragraph.  See 3/30/11 Order (Dkt. No. 36).

209.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements

        required notice and comment rulemaking and violated the APA.  Therefore, no response

        is required to the allegations in this paragraph.  See 3/30/11 Order (Dkt. No. 36).  To the

        extent the Court finds otherwise, Defendants reserve the right to respond to the

        allegations in this paragraph.

210.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements

        required notice and comment rulemaking and violated the APA.  Therefore, no response

is required to the allegations in this paragraph.  See 3/30/11 Order (Dkt. No. 36).  To the

extent the Court finds otherwise, Defendants reserve the right to respond to the

allegations in this paragraph.

211.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements

required notice and comment rulemaking and violated the APA.  Therefore, no response

is required to the allegations in this paragraph.  See 3/30/11 Order (Dkt. No. 36).  To the

extent the Court finds otherwise, Defendants reserve the right to respond to the

allegations in this paragraph.

212.    This paragraph contains legal conclusions to which no response is required and which

are, in any event, denied.  See 3/30/11 Order (Dkt. No. 36).

213.    This paragraph contains legal conclusions to which no response is required and which

are, in any event, denied.  See 3/30/11 Order (Dkt. No. 36).

214.    This paragraph contains legal conclusions to which no response is required.  See 3/30/11

Order (Dkt. No. 36).

215.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements

required notice and comment rulemaking and violated the APA.  Therefore, no response

is required to the allegations in this paragraph.  See 3/30/11 Order (Dkt. No. 36).  To the

extent the Court finds otherwise, Defendants reserve the right to respond to the

allegations in this paragraph.

216.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements

required notice and comment rulemaking and violated the APA.  Therefore, no response

is required to the allegations in this paragraph.  See 3/30/11 Order (Dkt. No. 36).  To the

extent the Court finds otherwise, Defendants reserve the right to respond to the allegations in this paragraph.

217.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements required notice and comment rulemaking and violated the APA.  Therefore, no response is required to the allegations in this paragraph.  <u>See</u> 3/30/11 Order (Dkt. No. 36).  To the extent the Court finds otherwise, Defendants reserve the right to respond to the allegations in this paragraph.

218.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements required notice and comment rulemaking and violated the APA.  Therefore, no response is required to the allegations in this paragraph.  <u>See</u> 3/30/11 Order (Dkt. No. 36).  To the extent the Court finds otherwise, Defendants reserve the right to respond to the allegations in this paragraph.

219.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements required notice and comment rulemaking and violated the APA.  Therefore, no response is required to the allegations in this paragraph.  <u>See</u> 3/30/11 Order (Dkt. No. 36).  To the extent the Court finds otherwise, Defendants reserve the right to respond to the allegations in this paragraph.

220.    The Court has already dismissed Plaintiffs' claim that the Institution Supplements required notice and comment rulemaking and violated the APA.  Therefore, no response is required to the allegations in this paragraph.  <u>See</u> 3/30/11 Order (Dkt. No. 36).  To the extent the Court finds otherwise, Defendants reserve the right to respond to the allegations in this paragraph.

221.    This paragraph contains legal conclusions, to which no response is required and which
        are, in any event, denied.  See 3/30/11 Order (Dkt. No. 36).

222.    The first sentence is denied except to admit that on April 6, 2010, the BOP published a
        proposed rule to "establish and describe Communications Management Units."  See 75
        Fed. Reg. 17324.  The second sentence is admitted.  The third sentence is denied.  The
        fourth sentence contains a characterization of the proposed rule, and the court is
        respectfully referred to the rule for a full and accurate description of its contents.

223.    Admitted.

224.    Admitted.

225.    Denied except to admit that projected timeframes for the proposed rule have appeared in
        the Unified Regulatory Agenda and that these timeframes, which are updated semi-
        annually, do not constitute "deadlines."  Defendants further aver that they are currently
        unable to locate an October 2011 "deadline" for the proposed rule on the website of the
        Office of Information and Regulatory Affairs. Defendants lack sufficient knowledge or
        information to admit or deny this sentence, except to deny that BOP ever posted a
        "deadline" for final action on the proposed CMU rule.  Defendants further aver that the
        dates posted to the website of the Office of Information and Regulatory Affairs are
        projected timeframes.

226.    Denied except to admit that no final rule has been issued and published in the Federal
        Register.

227.    Denied.

228.    This paragraph contains Plaintiffs' statement that they incorporate by reference the allegations in the preceding paragraphs of the Complaint to which no response is required.

229.    This paragraph contains Plaintiffs' statement that they bring this claim against all individual Defendants to which no response is required.

230.    Denied.

231.    Denied.

232.    Denied.

233.    This paragraph contains Plaintiffs' statement that they incorporate by reference the allegations in the preceding paragraphs of the Complaint to which no response is required.

234.    This paragraph contains Plaintiffs' statement that they bring this claim against all individual Defendants to which no response is required.

235.    Plaintiffs' claims against Leslie S. Smith in his individual capacity have been dismissed. See 7/12/2013 Order (Dkt. No. 114).  Therefore, no response is required.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

The remaining paragraphs in the Complaint contain a Prayer for Relief to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in the remainder of the Complaint.

Defendants specifically deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer.

WHEREFORE, having answered the Amended Complaint, Defendants deny that Plaintiffs are entitled to the relief requested and pray that this action be dismissed, that judgment be entered in favor of Defendants, and that the Court grant Defendants such and further relief as may be appropriate.

Dated:  February 7, 2014                                        Respectfully submitted,

                                                                TONY WEST
                                                                Assistant Attorney General

                                                                RONALD C. MACHEN JR.
                                                                United States Attorney

                                                                ANTHONY COPPOLINO
                                                                Deputy Branch Director
                                                                Federal Programs Branch

                                                                _____/s/_____
                                                                NICHOLAS CARTIER
                                                                (D.C. Bar # 495850)
                                                                Trial Attorney
                                                                U.S. Department of Justice
                                                                Civil Division/Federal Programs
                                                                Mail:   P.O. Box 883
                                                                Washington, D.C.  20044
                                                                Street: 20 Massachusetts Ave., N.W.
                                                                Washington, DC  20001
                                                                Ph:     (202) 616-8351
                                                                Fax:    (202) 616-8470
                                                                Email: nicholas.cartier@usdoj.gov

                                                                *Attorneys for Defendants*