UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Rule 24 Motion
MOTION TO INTERVENE

BJR

Case Number: 1:10-cv-00539, Aref vs. Holder

I, Robert J Whiteman Jr., am filing a motion under Rule 24, "Motion to Intervenor" in case number 1:10-cv-00539, Aref Vs. Holder.

I am a 41 year old male currently housed at the Communications Management Unit at USP Marion, IL. I have been in the CMU for about 11 months, and my current release date is October 23,2022. I was sentenced on March 1st, 2016 to 95 months for 4 counts of Bank Fraud and 1 count of Aggravated Identity Theft. I received this sentence because I committed the crimes while already serving a federal sentence of 120 months for 1 count of Bank Fraud and 1 count of Wire Fraud (Case Number: 06-55-1). Both cases are from the Eastern District of Pennsylvania.

I am currently on the "wait" list to participate in the Bureau of Prison's Residential Drug and Alcohol Program, RDAP. This program is 9-10 months in duration and if the inmate successfully completes the RDAP program, and if the inmate is eligible, can receive up to 12 months of their sentence. I qualify for the "up to 12 months" off of my sentence when I complete the RDAP program. I have about 38 months left on my sentence. The optimal time to complete the RDAP is with as little as 27 months left (9 months for the Program, 12 Months Off, and 6 months for Half-way House). If the inmate does the RDAP with less then 27 months they are lossing the benefit of up to 12 months off their sentence.

I need to file this motion and join the above case because of the indefinate duration of confinement a inmate can be housed in a CMU is giving rise to a Fifth Amendment violation. This is correct in my situation because by keeping me in the CMU for years and years without any real guidence on how to be released prevents me from taking beneficial programs, such as RDAP. In the CMU Program Statement it states that by being in a CMU is non punative and does effect the duration of a inmate's

RECEIVED
Mail Room
JUN 10 2019
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

sentence. In my case it does. By not having a set plan in place to ensure I am released from the CMU with the appropriate amount of time left on my sentence to complete the RDAP and gain all the benefits of the program including up to 12 months off my sentence is ensuring that I will be incarcerated longer then I should be. The Honorable Judge Pappert, who was the sentencing judge in my second federal case (Case No: 15-298), put in my judgement and commitment that I should be able to take RDAP. The psychology staff here at USP Marion interviewed me and approved me for the RDAP program. It is essentially obvious that I would benefit from taking and completing this program.

    The CMU program statement states that when reviewing a inmate for release from a CMU, the staff take into consideration if the reasons that were first used to place a inmate in the CMU have been mitigated. I was placed in the CMU for illegal activities and using cell phones. The activity for which lead to my second criminal case was committed between 2010-2012, my cell phone incident report was from Nov. 2017. I would like to make the court aware that after I was sentenced on my second case, the department that designates inmates, the Designation and Security Classification Center, DSCC out of Grand Praire Texas, did not refer me to a CMU. I was designated to FCI-Danbury in Danbury Connecticut. I received the cell phone incident report while I was housed at FCI-Danbury. The staff there referred me for transfer to another Low Security prison, and I was sent to FCC-Allenwood for only 7 weeks, and was then transferred to the CMU in Marion. I find it strange that the Allenwood staff are the only ones who referred me to the CMU, not staff at Danbury, and not the DSCC, who's staff have extensive knowledge on inmate designations.

    There is no actual guidance on how to get out of a CMU. The staff at USP Marion's CMU tell me that a inmate has to be incident report free for communications violations (email/mail/phone) for a year and then the staff will put a inmate in to referral to the CMU's "step down" program here at USP Marion. The CMU's "step down" program is a 6 month program were the BOP's Counter Terrorism Unit, CTU will still monitor the inmate as though they are still in the CMU. If after the 6 months the inmate still has no communications issues, then the inmate will

be released from CMU status. The issue is that inmates have been in the CMU for years and years w/o any type of incident reports for communications type violations, and there is no guidance on how to get removed from the CMU. How does a inmate know how long he will be in the CMU in order for the staff to feel the original reason's have been mitigated and they can be effectively monitored in general population. The inmates in the CMU do not.

I ask your honor to please grant this motion so that I can be granted the ability to be able to take the RDAP program and am able to take part in such a great program, and be treated like other inmates in general population. I ask for a expedient ruling on this motion because in May 2020, I will have 27 months left on my sentence. If I wait any longer I will start to loss benefits of RDAP. I would also like to make aware to the court that the psychology services department told me I could take RDAP with as little as 16 months left remaining on my sentence ( 9/10 months for the program, and 6 months half way house). What is not being considered is a couple of factors. For one, sometimes the RDAP program isn't completed in 9/10 months. Sometimes for whatever reason's, the RDAP staff will "Freeze" the program, and it will make the RDAP program go longer then 9/10 months. Also in the Program Statement, 5310.17, Psychology Services Manual, Chapter 2, section 2.5.5-Referral and Redesignation concerning inmates waiting to participate in RDAP, it states "Institution DAP Coordinators and Regional Psychology Program Coordinators will monitor waiting lists to ensure inmates are transferred for RDAP with <u>SUFFICIENT</u> time to complete the <u>ENTIRE</u> RDAP program before their release from Bureau custody, ordinarily at 24 months". No were in that statement does it say 16 months remaining. In fact, when I was serving my previous sentence I tried to re-enroll in RDAP but was denied because I was told I had less then 24 months remaining, but now all of a sudden I can have 16 months left.

The issue remains and will remain that a inmate is housed in a CMU for a indefinate time frame, and that is a violation of my equal protection and Fifth Amendment rights.

Lastly, I would like to make the court aware that I have filed my administrative remedies with the Bureau of Prison's as required. I am currently on the last step of this process, the BP-11. I would like to make the court aware that the Central Office has rejected my BP-11, 3 times already. The first time was because at the time I filed my BP-11, I did not receive a response from my BP-10 and policy states that if you do not receive a response by the date due, then you can go onto the next level. The second reason was I forgot to include a copy of the warden's response in my BP-11 packet. This is my fault. The second rejection letter also stated I forgot to include the regional director's denial letter, which was false because it was in the "rejected" packet clearly. I then resent the packet out with all the required documents on the "rejection" notice and was rejected again. The third rejection, which was just last week, May 18th or so, stated I did not include 1 copy of my "continuation" page. A "continuation" page is when you fill out the BP-11 form, and if you need more space, the BOP allows you to include 1 extra piece of paper. If you do require additional space, you must include 4 copies of this paper. When I sent out out the BP-11, after the second rejection notice, I made sure I included all copies, including all 4 copies of the "continuation" page. So when I got the packet back, all 4 copies were there, as verified by myself, my counselor, Ms. Hill, and my case manager, Mr. Burguess. Now they also stated another rejection reason:

REJECT REASON 3: You did not include the BP-10 form or the regional director's response.
Please take note of the word OR. In this 3rd rejection notice, they blacked out from OR THE REGIONAL DIRECTORS RESPONSE, and underlined, BP-10 form. Why then on the second rejection notice did they not do this and waited until they rejected a 3rd time to now require both the BP-10/BP-9 form and the warden's response and regional director's response. Normally they only want one or the other, not both.
The administrative remedy number is 956904-A3.

I ask that you please accept and grant this motion and not deny me because I did not "exhaust" my administrative remedies, as I have tried but as you can see the BOP is trying anything not to accept my BP-11, as

I have done everything the BOP Central Office has asked of me, and they keep hindering my ability to file my BP-11.

*[signature]*

Robert J Whiteman Jr
Inmate Number: 60495-066
Communications Management Unit
USP Marion
PO BOX 1000
Marion, IL 62959

## CERTIFICATE OF SERVICE

I, Robert J Whiteman Jr, declare under the penalty of perjury, that I have sent a copy of my motion "Rule 24 Motion to Intervenor" to the following parties:

Nathan Michael Swinton
U.S. DEPARTMENT OF JUSTICE
Civil Division
20 Massachusetts Avenue, NW
Room 7332
Washington, DC 20044

Nicholas P. Cartier
US DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530

~~Timothy Andrew Johnson~~
~~U.S. DEPARTMENT OF JUSTICE~~
~~Civil Branch, Federal Programs~~ Branch
~~20 Massachusetts Avenue, NW~~
~~Washington, DC 20530~~

Robert J Whiteman Jr
Reg: 60495-066
Communications Managementunit
USP Marion
PO Box 1000
Marion, IL 62959

Robert J. Whitemore
#60495-066
United States Penitentiary
PO Box 1000
Marion, IL 62959

SAINT LOUIS MO 630
05 JUN 2019 PM 10 L

60495-066
Dc Distric Court
333 Constitution AVE NW
Room 1225
Washington, DC 20001
United States

20001-280299